1   ERIC GRANT
    United States Attorney
2   JEFFREY A. SPIVAK
    CODY S. CHAPPLE
3   Assistant United States Attorneys
    2500 Tulare Street, Suite 4401
4   Fresno, CA 93721
    Telephone: (559) 497-4000
5   Facsimile: (559) 497-4099
6
7   Attorneys for Plaintiff
    United States of America
8
9              IN THE UNITED STATES DISTRICT COURT
10                EASTERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12  UNITED STATES OF AMERICA, | CASE NO. 1:25-CR-00099-JLT-SKO |
| 13                    Plaintiff, | 18 U.S.C. §§ 1349 and 2326(2)(A) and (B) – Conspiracy to Commit Wire Fraud with |
| 14                    v. | Telemarketing and Email Fraud Enhancement (Count 1); 18 U.S.C. § 1956(h) – Conspiracy to |
| 15  ██████████████████████, | Commit Money Laundering (Count 2); 18 U.S.C. § 1343 – Wire Fraud with Telemarketing and Email |
| 16  JULIET MORA, | Fraud Enhancement (Counts 3 through 10); 18 |
| 17  PIERA SALGADO TELEKI, MAIRA LISET CHAVEZ, | U.S.C. § 1956(a)(1)(B)(I)) –Money Laundering (Counts 11 through 18); 18 U.S.C. §§ 981(a)(1)(C), |
| 18  SERGIO MADRIGAL LACAYO, JR., | 982(a)(1), 2328, and 28 U.S.C. § 2461(c) – Criminal |
| 19  █████████████████████, | Forfeiture |
| 20  CELINA MARTINEZ, ANTONIO PALAFOX AGUILAR, | |
| 21  ASHLEY MOLINA, FELIX ALEJANDRO, | |
| 22  ████████████████, ALEJANDRO CUARENTA, | |
| 23  JENNIFER MAGANA, | |
| 24  ██████████████, CARLOS ZAMORA, | |
| 25  ███████████████, STEPHANIE ALONZO, | |
| 26  RICARDO PLASCENCIA, SAMUEL LOPEZ, | |
| 27  ANTHONY CHAVEZ, and VERONICA PUENTES, | |
| 28                    Defendants. | |

1

## SECOND SUPERSEDING INDICTMENT

**COUNT ONE:** [18 U.S.C. §§ 1343, 1349 and 2326(2)(A) and (B) – Conspiracy to Commit Wire Fraud with Telemarketing and Email Marketing Enhancement]

The Grand Jury charges:

███████████████

JULIET MORA,
PIERA SALGADO TELEKI,
MAIRA LISET CHAVEZ,

███████████████

SERGIO JAUREGUI,
CELINA MARTINEZ,
ANTONIO PALAFOX AGUILAR,
ASHLEY MOLINA,
FELIX ALEJANDRO,

███████████████

ALEJANDRO CUARENTA,
JENNIFER MAGANA,

███████████████

CARLOS ZAMORA,

███████████████

STEPHANIE ALONZO,
RICARDO PLASCENCIA,
SAMUEL LOPEZ,
ANTHONY CHAVEZ,
VERONICA PUENTES,

defendants herein, as follows:

## INTRODUCTION

At all times relevant to this Second Superseding Indictment,

1. ████████████████████████████████████████
████████████████████████████████

2. ████████████████████████████████████████
████████████████████████████

3. JULIET MORA resided in Alameda County, California and in Managua, Nicaragua, and managed a shell company called Domestic and International Business Solutions, LLC.

4. PIERA SALGADO TELEKI, resided in Alameda County, California, and did business as

1 | "MMPFA Money Management Financial."

2 |        5.        MAIRA LISET CHAVEZ, resided in Yuba County in the State and Eastern District of

3 | California, and did business as "MMFPA World Wide Services."

4 |        6.        SERGIO MADRIGAL LACAYO, JR. resided in San Joaquin County in the State and

5 | Eastern District of California, and did business as "Driven Millenium."

6 |        7.

7 |

8 |        8.

9 |

10 |        9.        CELINA MARTINEZ resided in Santa Clara County, California and managed a shell

11 | company called Embrace GP, LLC.

12 |        10.        ANTONIO PALAFOX AGUILAR resided in Fresno County in the State and Eastern

13 | District of California and did business as "Global Financing."

14 |        11.        ASHLEY MOLINA resided in Amarillo, Texas and did business as "International Secure

15 | Investments."

16 |        12.        FELIX ALEJANDRO resided in Kern County in the State and Eastern District of

17 | California and did business as "Nomads Financial Investments."

18 |        13.

19 |        14.        ALEJANDRO CUARENTA resided in Kern County in the State and Eastern District of

20 | California and did business as "Worldwide Business Investments" and "Universal Funding."

21 |        15.        JENNIFER MAGANA resided in Fresno County in the State and Eastern District of

22 | California and did business as "International Investments."

23 |        16.

24 |

25 |        17.        CARLOS ZAMORA resided in Miami-Dade County, Florida and managed a shell

26 | company called Maximal Finances, LLC.

27 |        18.

28 |

1     19.    STEPHANIE ALONZO resided in Fort Lauderdale, Florida, and managed a shell
2  company called Horizons 180, LLC.

3     20.    RICARDO PLASCENCIA resided in Amarillo, Texas and managed a shell company
4  called Global Fortune Investments, LLC.

5     21.    SAMUEL LOPEZ resided in Amarillo, Texas and managed a shell company called
6  Express Capital Financial, LLC.

7     22.    ANTHONY CHAVEZ resided in Merced County in the State and Eastern District of
8  California and did business as "Universal Global Investments."

9     23.    VERONICA PUENTES resided in Miami-Dade County, Florida, and managed a shell
10  company called Elite Financing Solutions, LLC.

11     24.    "Timeshares" are contracts where people purchase the rights to use vacation properties
12  for a certain period. Timeshare owners usually pay initial fees to enter into the timeshare contracts, plus
13  regular maintenance fees and other recurring charges.

14     25.    Generally speaking, "shell companies" are businesses that exist solely to conduct
15  financial transactions. They do not have employees, provide services, or perform any other actual
16  business. They also offer a degree of anonymity to the actual owners. Therefore, shell companies are
17  often used to carry out fraud schemes because they help to conceal the identities of the responsible
18  individuals.

19                                       **THE CONSPIRACY**

20     26.    Beginning on a date unknown to the Grand Jury, but not later than in or around April
21  2019, and continuing at least until in or around October 2025, in the State and Eastern District of
22  California and elsewhere, JULIET
23  MORA, PIERA SALGADO TELEKI, MAIRA LISET CHAVEZ, SERGIO MADRIGAL LACAYO,
24  JR., CELINA MARTINEZ, ANTONIO
25  PALAFOX AGUILAR, ASHLEY MOLINA, FELIX ALEJANDRO,
26  ALEJANDRO CUARENTA, JENNIFER MAGANA, CARLOS ZAMORA,
27  STEPHANIE ALONZO, RICARDO PLASCENCIA,  SAMUEL
28  LOPEZ,  ANTHONY CHAVEZ, and VERONICA PUENTES (the "DEFENDANTS") did knowingly

1  conspire, combine and confederate with each other, and with others known and unknown to the Grand
2  Jury, to cause signs and signals to be transmitted by means of wire and radio communications in
3  interstate and foreign commerce, in furtherance of a material scheme and artifice to defraud, and to
4  obtain money and property, by means of materially false and fraudulent pretenses, representations, and
5  promises, in violation of Title 18, United States Code, Sections 1343 and 1349.

6                    **MANNER AND MEANS OF THE CONSPIRACY**

7      27.    During the above-described period, the DEFENDANTS, and others known and unknown
8  to the Grand Jury, used the following manner, means, and acts, among others, to carry out the
9  conspiracy:

10     28.    ████████████████████████████████████████████ and others caused victims to
11 be contacted through phone calls, emails, and other means using the false identities of attorneys,
12 paralegals, and government officials.

13     29.    ████████████████████████████████████████ and others falsely and
14 fraudulently told the victims, who owned or previously owned timeshares, that they were entitled to
15 receive money related to legal settlements concerning their timeshares. They told the victims that, to
16 receive the money, the victims had to make initial payments amounting to a percentage of the expected
17 recovery.

18     30.    After obtaining initial payments from the victims, ██████████████████████
19 ██████████████ and others used and caused various tactics to be used to extract additional
20 and increasing amounts of money from the victims. Victims were directed to send the payments to
21 fictitious business names (DBA) and shell companies controlled by DEFENDANTS and others that
22 were located in Colusa, Fresno, Kern, Merced, Sacramento, San Joaquin, and Yuba Counties in the State
23 and Eastern District of California as well as other locations in California, Florida, Texas, and elsewhere.

24     31.    DEFENDANTS and others carried out the conspiracy by communicating with each other
25 and the victims through encrypted messaging services, phone calls, emails, electronic messages, and
26 other electronic means. Several of these communications were made between the State and Eastern
27 District of California and other states and foreign countries.

28     32.    DEFENDANTS and others used the proceeds of the conspiracy for the benefit of

1  themselves and the Nuestra Familia and Norteño criminal organizations.  DEFENDANTS and others

2  purchased real estate and other property, and created and invested in other businesses.

3      33.  As a result of the conspiracy, DEFENDANTS and others caused the victims to incur over

4  $30,000,000 in losses.

5      34.  In carrying out the conspiracy, DEFENDANTS and others used telemarketing and email

6  marketing that targeted persons over the age of fifty-five (55) and victimized ten and more persons over

7  the age of fifty-five (55), and therefore they are subject to a term of up to 10 years of imprisonment that

8  is in addition to any other term of imprisonment that may be imposed.

9      35.  At all times DEFENDANTS acted with the intent to defraud.

10      All in violation of Title 18, United States Code, Sections 1349 and 2326(2)(A) and (B).

11  COUNT TWO:  [18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering]

12      The Grand Jury further charges:

13  

14  JULIET MORA,
15  PIERA SALGADO TELEKI,
   MAIRA LISET CHAVEZ,
16  

17  SERGIO JAUREGUI,
18  CELINA MARTINEZ,
   ANTONIO PALAFOX AGUILAR,
19  ASHLEY MOLINA,
   FELIX ALEJANDRO,
20  
21  ALEJANDRO CUARENTA,
   JENNIFER MAGANA,
22  
   CARLOS ZAMORA,
23  
24  STEPHANIE ALONZO,
   RICARDO PLASCENCIA,
25  SAMUEL LOPEZ,
   ANTHONY CHAVEZ,
26  VERONICA PUENTES,

27  defendants herein, as follows:

28      36.  Paragraphs 1 through 25 and 27 through 36 are incorporated by reference as though fully

1 │ set forth herein.

2 │     37.    Beginning on a date unknown to the Grand Jury, but not later than in or around April

3 │ 2019, and continuing at least until in or around May 2025, in the State and Eastern District of California,

4 │ and elsewhere, ███████████████████████████████ JULIET MORA, PIERA

5 │ SALGADO TELEKI, MAIRA LISET CHAVEZ, SERGIO MADRIGAL LACAYO, JR., ██████

6 │ ███████████████████████ CELINA MARTINEZ, ANTONIO PALAFOX AGUILAR,

7 │ ASHLEY MOLINA, FELIX ALEJANDRO, ████████████ ALEJANDRO CUARENTA,

8 │ JENNIFER MAGANA, ████████████ CARLOS ZAMORA, ██████████

9 │ ███████ STEPHANIE ALONZO, RICARDO PLASCENCIA,  SAMUEL LOPEZ,  ANTHONY

10 │ CHAVEZ, and VERONICA PUENTES (the "DEFENDANTS") did knowingly combine, conspire, and

11 │ agree with others, known and unknown to the Grand Jury, to commit offenses against the United States

12 │ in violation of Title 18, United States Code, Section 1956, to wit: knowingly conduct and attempt to

13 │ conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of

14 │ a specified unlawful activity, to wit: wire fraud, in violation of Title 18, United States Code, Section

15 │ 1343, knowing that the transactions were designed in whole or in part to conceal and disguise the nature,

16 │ location, source, ownership, and control of the proceeds of such specified unlawful activity, and that,

17 │ while conducting and attempting to conduct the transactions, knew that the property involved

18 │ represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code,

19 │ Section 1956(a)(1)(B)(i).

20 │ **MANNER AND MEANS OF THE CONSPIRACY**

21 │     38.    During the above-described period, the DEFENDANTS, and others known and unknown

22 │ to the Grand Jury, used the following manner, means, and acts, among others, to carry out the

23 │ conspiracy, in the State and Eastern District of California and elsewhere:

24 │     39.    DEFENDANTS and others created and utilized bank accounts in the name of DBAs and

25 │ shell companies to launder victim funds. DEFENDANTS and others evaded financial institutions' anti-

26 │ money laundering (AML) and Know Your Customer (KYC) policies and procedures by misrepresenting

27 │ to financial institutions the true purpose and nature of their businesses. When questioned by financial

28 │ institutions about certain transactions, DEFENDANTS and others intentionally and fraudulently

1    misrepresented the true nature of the transactions.

2    40.    DEFENDANTS and others then transferred wire fraud proceeds from the DBA and shell
3    company bank accounts to other bank accounts located in the United States, Costa Rica, Mexico, and
4    Nicaragua. The sole purpose for many of these transactions was to separate and conceal the illegally
5    obtained money from its criminal source by layering it through a series of financial transactions, which
6    made it difficult to trace the money back to its source.

7    41.    DEFENDANTS and others misrepresented in memo lines and wire details the true
8    purpose and nature of the transactions. DEFENDANTS and others knew that by building a transaction
9    history that appeared legitimate, financial institutions would have more difficulty detecting that they
10   were transacting in fraud proceeds.

11   42.    DEFENDANTS and others utilized financial technology ("fintech") companies,
12   including fintech companies specializing in international transactions, cryptocurrency exchanges, and
13   smaller financial institutions whom they believed had weaker AML/KYC controls.

14   43.    DEFENDANTS and others conducted financial transactions with and through
15   professional money laundering organizations (PMLO) and trade-based money laundering (TBML)
16   organizations located in the United States and elsewhere. The purpose of these transactions was to
17   further conceal the origins of the illegally obtained money and make it more difficult to trace the money
18   back to its source.

19   44.    In carrying out the conspiracy, at all times DEFENDANTS acted with the intent to
20   further its unlawful purpose.

21        All in violation of Title 18, United States Code, Section 1956(h).

22   COUNTS THREE THROUGH TEN: [18 U.S.C. § 1343 and 2326(2)(A) and (B) – Wire Fraud with
23   Telemarketing and Email Marketing Enhancement]

24        The Grand Jury further charges:

25   45.    Paragraphs 1 through 25, 27 through 35, and 38 through 44 are incorporated by reference
26   as though fully set forth herein.

27   46.    Beginning on a date unknown to the Grand Jury, but no later than in or around April
28   2019, and continuing until at least in or around October 2025, in the State and Eastern District of

1  California and elsewhere, the defendants below devised and intended to devise, and knowingly executed

2  and attempted to execute, by means of wire and radio communications in interstate commerce, a

3  material scheme and artifice to defraud victims and to obtain property owned by and under the custody

4  and control of these victims, by means of materially false and fraudulent pretenses, representations, and

5  promises, and at all times acted with the intent to defraud, in violation of 18 U.S.C. § 1343.

6       47.      On or about the dates set forth below, in the State and Eastern District of California and

7  elsewhere, for the purpose of executing the aforementioned scheme to defraud, the defendants

8  knowingly transmitted and caused to be transmitted, by means of wire and radio communications in

9  interstate commerce, the following writing, signs, signals, pictures, and sounds:

| COUNT | DATE | WIRE | DEFENDANT |
|---|---|---|---|
| THREE | 3/7/2023 | Clearing of check in the amount of $197,886.21, originating from victim D.F.'s Wells Fargo Bank account ending in 5085 in Texas, and deposited into ANTONIO PALAFOX AGUILAR's bank account ending in 7391 at Wells Fargo Bank in the Eastern District of California, through computer servers located outside the State of California. | ANTONIO PALAFOX AGUILAR |
| FOUR | 3/8/2023 | Clearing of check in the amount of $135,562.25, originating from victim D.F.'s PNC Bank account ending in 7955 in Texas, and deposited into FELIX ALEJANDRO's bank account ending in 7115 at JPMorgan Chase Bank in the Eastern District of California, through computer servers located outside the State of California. | FELIX ALEJANDRO |
| FIVE | 4/3/2023 | Clearing of check in the amount of $75,000.00, originating from victim C.B.'s Consumers Credit Union bank account ending in 6408 in Illinois, and deposited into FELIX ALEJANDRO's bank account ending in 7115 at JPMorgan Chase Bank in the Eastern District of California, through computer servers located outside the State of California. | FELIX ALEJANDRO |
| SIX | 5/4/2023 | Clearing of check in the amount of $69,849.73, originating from victim S.C.'s Wescom Credit Union bank account ending in 1013 in California, and deposited into ALEJANDRO CUARENTA's bank account ending in 8603 at JPMorgan Chase Bank in the Eastern District of California, through | ALEJANDRO CUARENTA |

| | | | |
|---|---|---|---|
| | | computer servers located outside the State of California. | |
| SEVEN | 7/31/2023 | Clearing of check in the amount of $189,659.06, originating from victim C.B.'s Consumers Credit Union bank account ending in 6408 in Illinois, and deposited into JENNIFER MAGANA's bank account ending in 7439 at Bank of America in the Eastern District of California, through computer servers located outside the State of California. | ███████ and JENNIFER MAGANA |
| EIGHT | | | |
| NINE | | | |
| TEN | 10/16/2023 | Clearing of check in the amount of $60,000.00, originating from victim R.M.'s Navy Federal Credit Union bank account ending in 9751 in Maryland, and deposited into ANTHONY CHAVEZ's bank account ending in 2690 at Bank of America in the Eastern District of California through computer servers located outside the State of California. | ANTHONY CHAVEZ |

48.      In executing the scheme and artifice to defraud, ANTONIO PALAFOX AGUILAR,

FELIX ALEJANDRO, ████████      ALEJANDRO CUARENTA, JENNIFER MAGANA,

████████████████████ ANTHONY CHAVEZ and others known and

unknown to the Grand Jury, used telemarketing and email marketing that targeted persons over the age

1  of fifty-five (55) and victimized ten and more persons over the age of fifty-five (55), and therefore they
2  are subject to a term of up to 10 years of imprisonment that is in addition to any other term of
3  imprisonment that may be imposed.

4       All in violation of Title 18, United States Code, Sections 1343 and 2326(2)(A) and (B).

5  COUNTS ELEVEN THROUGH EIGHTEEN:  [18 U.S.C. § 1956(a)(1)(B)(i) – Money Laundering]

6       The Grand Jury further charges:

7       49.     Paragraphs 1 through 25, 27 through 35, and 38 through 48 are incorporated by reference
8  as though fully set forth herein.

9       50.     On or about the dates listed below, within the State and Eastern District of California and
10  elsewhere, the defendants did knowingly conduct and attempt to conduct a financial transaction
11  affecting interstate and foreign commerce which involved the proceeds of a specified unlawful activity,
12  that is, wire fraud and wire fraud conspiracy in violation of Title 18, United States Code, Sections 1343
13  and 1349, knowing that the transaction was designed in whole and in part to conceal and disguise, the
14  nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and
15  that while conducting and attempting to conduct such financial transaction knew that the property
16  involved in the financial transaction represented the proceeds of some form of unlawful activity, as
17  follows:

| COUNT | DATE | FINANCIAL TRANSACTION | DEFENDANT |
|-------|------|----------------------|-----------|
| ELEVEN | | | |
| TWELVE | 3/8/2023 | Wire transfer in the amount of $91,231.00 from ANTONIO PALAFOX AGUILAR's bank account ending in 7391 at Wells Fargo Bank in the Eastern District of California to COMPANY 1 in Miami, Florida | ANTONIO PALAFOX AGUILAR |

| | | | |
|---|---|---|---|
| THIRTEEN | 5/15/2023 | Wire transfer in the amount of $99,672.00 from FELIX ALEJANDRO's bank account ending in 7115 at JPMorgan Chase Bank in the Eastern District of California to COMPANY 2 in Miami, Florida | FELIX ALEJANDRO █████ |
| FOURTEEN | 10/5/2023 | Wire transfer in the amount of $59,500 from ALEJANDRO CUARENTA's bank account ending in 8603 at JPMorgan Chase Bank in the Eastern District of California to COMPANY 3 in Miami, Florida | ALEJANDRO CUARENTA |
| FIFTEEN | 9/21/2023 | Wire Transfer in the amount of $99,276 for "Building Material and Misc" from JENNIFER MAGANA's bank account ending in 7439 at Bank of America in the Eastern District of California to COMPANY 2 in Miami, Florida | JENNIFER MAGANA |
| SIXTEEN | ███████ | ███████ | ███████ |
| SEVENTEEN | ███████ | ███████ | ███████ |
| EIGHTEEN | 8/30/2024 | Wire transfer in the amount of 206,000.00 ANTHONY CHAVEZ's bank account ending in 2690 at Bank of America in the Eastern District of California to COMPANY 4 in Miami, Florida | ANTHONY CHAVEZ |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

FORFEITURE ALLEGATION: [18 U.S.C. §§ 981(a)(1)(C), 982(A)(1), 2328, and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

1.     Upon conviction of the offenses alleged in Count One, and Counts Three through Ten of this Second Superseding Indictment, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ JULIET MORA, PIERA SALGADO TELEKI, MAIRA LISET CHAVEZ, SERGIO MADRIGAL LACAYO, JR., ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ CELINA MARTINEZ, ANTONIO PALAFOX AGUILAR, ASHLEY MOLINA, FELIX ALEJANDRO, ▓▓▓▓▓▓▓ ALEJANDRO CUARENTA, JENNIFER MAGANA, ▓▓▓▓▓▓▓▓▓▓▓ CARLOS ZAMORA, ▓▓▓▓▓▓▓▓▓▓▓▓ STEPHANIE ALONZO, RICARDO PLASCENCIA,  SAMUEL LOPEZ,  ANTHONY CHAVEZ, and VERONICA PUENTES (the "DEFENDANTS") shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to such violations, and pursuant to Title 18, United States Code, Section 2328, any property, real or personal, constituting or traceable to gross proceeds obtained from such offenses, and any equipment, software, or other technology used or intended to be used to commit or to facilitate the commission of such offenses, including, but not limited to:

a.     Approximately $469,093.65 seized from Citibank account number 9154338517, held in the name of Horizons 180 LLC,

b.     Approximately $405,973.50 seized from Happy Bank account number 80140052353, held in the name of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

c.     Approximately $368,834.00 seized from Lead Bank account number 213878119180, held in the name of Horizons 180 LLC,

d.     Approximately $112,740.94 seized from Coastal Bank account number 875104990002, held in the name of COMPANY 3,

e.     Approximately $90,799.40 seized from Bank of America account number 898145467749, held in the name of CPF Capital LLC,

f.     Approximately $54,851.35 seized from Bank of America account number 989100754497, held in the name of PERSON C.P.F. and PERSON C.M.T.,

g.     Approximately $46,271.47 seized from Bank of America account number 898092684989, held in the name of PERSON C.P.F.,

1    h.    Approximately $26,410.76 seized from Lead Bank account number
2          210042244482, held in the name of Stephanie Alonzo,
3    i.    Approximately $10,439.90 seized from TD Bank account number 4389109856,
4          held in the name of Carlos Zamora/Veronica Puentes,
5    j.    Approximately $9,068.00 in U.S. Currency seized from Felix Alejandro on
6          August 2, 2023,
7    k.    Approximately $5,956.54 seized from Wells Fargo Bank account number
8          5246290646, Stephanie Alonzo,
9    l.    Approximately $1,768.36 seized from JPMorgan Chase Bank account number
10          597113890, held in the name of PERSON M.A.,
11    m.    Approximately $1,000.42 seized from Citibank account number 9144937689,
12          held in the name of PERSON M.A.,
13    n.    Approximately $534.43 seized from Citibank account number 9144937676, held
14          in the name of PERSON M.A.,
15    o.    Approximately $300.00 seized from Wells Fargo Bank account number
16          1319470066, held in the name of Horizons 180 LLC,
17    p.    Approximately $85.11 seized from JPMorgan Chase Bank account number
18          5071815312, held in the name of Reel Ambition Charters LLC,
19    q.    Approximately $47.51 seized from Regions Bank account number 359157135,
20          held in the name of Elite Financing Solutions LLC,
21    r.    Approximately $24.61 seized from Wells Fargo Bank account number
22          8685461430, held in the name of Stephanie Alonzo, and
23    s.    A sum of money equal to the amount of proceeds traceable to such offense for
24          which defendants are convicted.

25    2.    Upon conviction of the offenses alleged in Counts Two, and Eleven through Eighteen of
26 this Second Superseding Indictment, DEFENDANTS shall forfeit to the United States, under Title 18,
27 United States Code, Section 982(a)(1)(A), any property, real or personal, involved in such offenses, or
28 any property traceable to such property, including but not limited to:

SECOND SUPERSEDING INDICTMENT                        14

a. Approximately $469,093.65 seized from Citibank account number 9154338517, held in the name of Horizons 180 LLC,

b. Approximately $405,973.50 seized from Happy Bank account number 80140052353, held in the name of █████████████████

c. Approximately $368,834.00 seized from Lead Bank account number 213878119180, held in the name of Horizons 180 LLC,

d. Approximately $112,740.94 seized from Coastal Bank account number 875104990002, held in the name of COMPANY 3,

e. Approximately $90,799.40 seized from Bank of America account number 898145467749, held in the name of CPF Capital LLC,

f. Approximately $54,851.35 seized from Bank of America account number 989100754497, held in the name of PERSON C.P.F. and PERSON C.M.T.,

g. Approximately $46,271.47 seized from Bank of America account number 898092684989, held in the name of PERSON C.P.F.,

h. Approximately $26,410.76 seized from Lead Bank account number 210042244482, held in the name of Stephanie Alonzo,

i. Approximately $10,439.90 seized from TD Bank account number 4389109856, held in the name of Carlos Zamora/Veronica Puentes,

j. Approximately $9,068.00 in U.S. Currency seized from Felix Alejandro on August 2, 2023,

k. Approximately $5,956.54 seized from Wells Fargo Bank account number 5246290646, Stephanie Alonzo,

l. Approximately $1,768.36 seized from JPMorgan Chase Bank account number 597113890, held in the name of PERSON M.A.,

m. Approximately $1,000.42 seized from Citibank account number 9144937689, held in the name of PERSON M.A.,

n. Approximately $534.43 seized from Citibank account number 9144937676, held in the name of PERSON M.A.,

1          o.     Approximately $300.00 seized from Wells Fargo Bank account number

2              1319470066, held in the name of Horizons 180 LLC,

3          p.     Approximately $85.11 seized from JPMorgan Chase Bank account number

4              5071815312, held in the name of Reel Ambition Charters LLC,

5          q.     Approximately $47.51 seized from Regions Bank account number 359157135,

6              held in the name of Elite Financing Solutions LLC,

7          r.     Approximately $24.61 seized from Wells Fargo Bank account number

8              8685461430, held in the name of Stephanie Alonzo, and

9          s.     A sum of money equal to the amount of proceeds traceable to such offense for

10              which defendants are convicted.

11     3.       If any property subject to forfeiture, as a result of the offenses alleged in Counts One

12 through Twenty of this Second Superseding Indictment, for which DEFENDANTS are convicted:

13          a.     cannot be located upon the exercise of due diligence;

14          b.     has been transferred or sold to, or deposited with, a third party;

15          c.     has been placed beyond the jurisdiction of the Court;

16          d.     has been substantially diminished in value; or

17          e.     has been commingled with other property that cannot be divided

18              without difficulty;

19 it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b) and Title 28,

20 United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek

21 forfeiture of any other property of defendants, up to the value of the property subject to forfeiture.

22                                        A TRUE BILL.
                                       /s/ Signature on file w/AUSA

23

24                                      FOREPERSON

25

26 /s/ Eric Grant

27 ERIC GRANT

28 United States Attorney